STATE of Utah, Plaintiff and Appellee,

v.

Fred VELARDE, Jr., Defendant and Appellant.

No. 900067–CA.

Court of Appeals of Utah.

Feb. 13, 1991.

Joseph C. Fratto, Jr. (argued), Kevin Kurumada, Fratto & Fratto, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen., Marian Decker (argued), Asst. Atty. Gen., for plaintiff and appellee.

Before BILLINGS, GARFF and RUSSON, JJ.

RUSSON, Judge:

Fred Velarde, Jr. appeals his convictions of burglary, a second degree felony, in violation of Utah Code Ann. § 76-6-202 (1990), and theft, a second degree felony, in violation of Utah Code Ann. § 76-6-404

(1990). We reverse and remand for a new trial.

On October 16, 1989, Velarde and two companions, Charles Sannicolas and Scott Bradley, were drinking and socializing at Sannicolas' residence, when a discussion ensued about obtaining money to buy more alcohol. Velarde said that he knew a way to get more money and pointed to the house next door. A short time later, Bradley observed Velarde and Sannicolas breaking into the house next door and taking several items of personal property. The ensuing police investigation led to the arrests of Velarde and Sannicolas, who were charged in separate informations with burglary and theft. Velarde was further charged with being a habitual criminal, which was dismissed upon motion of the State prior to trial.

Velarde was represented by Lisa J. Remal, an attorney with the Salt Lake Legal Defenders Association (SLLDA). Sannicolas was represented by Charles Loyd, also an attorney with the SLLDA. Remal moved the court for leave to withdraw and for appointment of new counsel unassociated with the SLLDA. The motion was based upon an alleged conflict of interest wherein each defendant was prepared to accuse the other of having committed the burglary and theft. The motion was considered at a pretrial conference, at which an independent attorney, previously contacted by the SLLDA, was present and prepared to assume representation of Velarde. The State argued that since it did not intend to call either defendant at the other's trial, no conflict existed, and furthermore, appointment of new counsel might cause a postponement of the trial date, noting that Velarde had refused to waive his right to a speedy trial. When the trial judge questioned Velarde about the conflict of interest question, Velarde, preoccupied with another motion which he had filed,[1] failed to respond. Without further

1. It appears from the record that Velarde authorized another inmate at the Utah State Prison to file a motion on his behalf, which Velarde refers to as a writ of habeas corpus. The State informed the court that it was actually a motion to dismiss and had not been properly filed. For our purposes, the sole importance of this motion, which is not before this court, is that Velarde's preoccupation with it kept the trial court from ascertaining Velarde's position with regards to the conflict of interest question.

inquiry, the trial judge denied the motion. The matter was tried as scheduled and Velarde found guilty of both charges.

Velarde raises the following issue on appeal: was defendant denied effective assistance of counsel due to a conflict of interest?[2]

■ Generally, in order for an ineffectiveness claim to succeed, defendant must show that counsel's performance was deficient and that it prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). However, a sixth amendment claim grounded on conflict of interest is a special subtype of an ineffectiveness claim, which requires a different analysis. *State v. Webb,* 790 P.2d 65, 72 (Utah Ct.App.1990). This court has held that "where codefendants are separately represented by two public defenders from the same office, and the potential conflict is brought to the attention of the trial court by counsel before or during the early stages of trial, the trial court must take adequate steps to resolve the issue. If the trial court fails to investigate such a potential conflict of interest, we presume prejudice and reverse." *State v. Humphrey,* 793 P.2d 918, 922–23 (Utah Ct.App.1990), (citing *Webb,* 790 P.2d at 71).

■ In the instant case, the potential conflict was brought to the attention of the trial court, therefore, we must determine if the trial court's investigation into the potential conflict of interest at the pretrial conference was adequate to resolve the issue. We hold that it was not.

The United States Supreme Court has held that "the assistance of counsel is among those 'constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error.'" *Holloway v. Arkansas,* 435 U.S. 475, 489, 98 S.Ct. 1173, 1181, 55 L.Ed.2d 426 (1978) (quoting *Chapman v. California,* 386 U.S. 18, 23, 87 S.Ct. 824, 827–28, 17 L.Ed.2d 705 (1967)). Furthermore, "an attorney's request for appointment of separate counsel, based on his representations as an officer of the

court regarding a conflict of interest should be granted." *Id.* at 485, 98 S.Ct. at 1179. A trial judge must therefore carefully consider any claim of conflict of interest, especially when such claim rests upon representation of codefendants in a criminal case by two public defenders from the same office. *Humphrey,* 793 P.2d at 922–23.

In the case at bar, the trial judge's inquiry failed in three respects. First, the trial judge did not seek to resolve counsels' disagreement as to whether a conflict existed. Defense counsel was not given an adequate opportunity to respond to the State's contention that there was no conflict because the State did not intend to call Sannicolas as a witness. Instead the trial court simply asked defense counsel whether this matter had been discussed with Velarde, to which defense counsel responded that he didn't know what Velarde's position was with respect to this matter. Without further inquiry of the attorneys, the trial court proceeded to question Velarde as to what his position was.

Nor did the trial judge investigate the State's conclusion that substitution of counsel would lead to a postponement of the trial date. As noted above, substitute counsel was present at the pretrial conference and prepared to assume representation of Velarde. Further inquiry may have revealed that the new counsel would have been prepared to proceed on schedule or at least at such time that Velarde's right to a speedy trial would not be compromised.

Finally, the trial judge failed to ascertain whether Velarde shared his counsel's concern regarding the potential conflict of interest. In fact, there was no meaningful inquiry at all. Velarde's failure to respond to the trial court's questions precluded the court from having adequate grounds on which to assess Velarde's position on this matter, as demonstrated by the following dialogue:

> Judge: Mr. Velarde, what is your position in respect to [the conflict of interest question]?

---

**2.** Velarde raises three additional issues on appeal which we do not address because this case

must be reversed on the conflict of interest issue.

Mr. Velarde: Well, your Honor, I still would like to go proceed, say, [sic] in this matter until after this writ of habeas corpus is acted on.

And later:

Judge: Mr. Velarde, is it your desire to allow the Legal Defender Association to withdraw based upon concern as to a conflict of interest and to allow [new counsel] to enter his appearance?

Mr. Velarde: I still—I still like [sic] this thing to be resolved before I enter any kind of pleas.

Judge: All right. Then it'll be the order of the court ... that the request to withdraw as counsel is denied, the matter will be anticipated to proceed forward to trial.

It is clear from the record that the trial judge and Velarde did not communicate on the conflict question, and therefore, the trial court had no basis on which to determine the absence of a conflict of interest.

Although trial courts need not investigate every possible nuance surrounding a potential conflict of interest, nor do they have an affirmative duty to initiate an investigation into such matters when not raised, when the issue is raised, the court must make sufficient investigation to adequately ascertain that no material conflict exists.

On the basis of the record before us, we hold that the trial court did not take adequate steps to determine whether there was a conflict of interest and, therefore, we must presume prejudice. Accordingly, this case is reversed and remanded for proceedings consistent with this opinion.

BILLINGS and GARFF, JJ., concur.